# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO., | PROMESA Title III |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.,* | Case No. 17-BK-3283 (LTS) |
| Debtors.[1] | (Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO. *et al.*, | Adv. Proc. No. 18-00149-LTS |
| and | **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND DISALLOWANCE OF ADMINISTRATIVE RENT CLAIMS** |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | |
| Plaintiffs, | |
| v. | |
| PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | |
| Defendant. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780)) (Last Four Digits of Federal Tax ID: 3747).

73956791.8

**PUERTO RICO PUBLIC BUILDINGS AUTHORITY'S ANSWER TO COMPLAINT**

Pursuant to Federal Rule of Procedure 7008, Puerto Rico Public Buildings Authority ("PBA") files this answer (the "Answer") to the *Complaint for Declaratory Relief and Disallowance of Administrative Rent Claims* (the "Complaint") filed by the Financial Oversight and Management Board for Puerto Rico ("FOMB'), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and its related Title III debtors (the "Debtors"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"), the above-captioned plaintiffs (the "Plaintiffs").

Except as otherwise expressly admitted herein, PBA denies each and every allegation set forth in the Complaint.[2] Moreover, PBA specifically responds to each of the allegations in each numbered paragraph of the Complaint as follows:

## I.
## NATURE OF PROCEEDING

1.  PBA admits that PBA was created by Act No. 56 of the Puerto Rico Legislature, approved on June 19, 1958, 22 L.P.R.A. §§ 901–917 (the "Enabling Act"). PBA admits that, pursuant to section 902 of the Enabling Act, PBA is "constituted as an instrumentality of the Commonwealth of Puerto Rico, exercising public and essential functions of the Government, and the execution by [PBA] of the powers conferred by §§ 901– 917 of this title, shall be deemed and understood to be an essential function of the Government of the Commonwealth of Puerto Rico."[3] PBA admits that, pursuant to the Enabling Act, it is authorized to, among other things, issue bonds (collectively, the "PBA Bonds") for, among other things, the construction and/or improvement of office space and other facilities (the "PBA Facilities") "which seek to contribute

---

[2] To the extent a response is required, PBA denies any allegations in the unnumbered introductory paragraph of the Complaint and any allegations in the headings and footnotes of the Complaint.
[3] 22 L.P.R.A. § 902.

to the public purpose of assisting the different departments, agencies, instrumentalities, authorities, public corporations and municipalities of the Commonwealth of Puerto Rico to the performance of their governmental functions."[4] PBA admits that the PBA Annual Financial Information and Operating Data Report, dated April 28, 2017, discloses more than $4 billion in aggregate principal amount of PBA Bonds outstanding for the fiscal year ended June 30, 2016, but is without knowledge or information sufficient to form a belief about the exact amount of the aggregate principal amount of outstanding PBA Bonds as of the date of this pleading. PBA admits that, prior to the date of this Answer, it entered into agreements (the "Leases") with departments, agencies, instrumentalities, authorities, public corporations, and municipalities of the Commonwealth with respect to the PBA Facilities. PBA refers to the referenced Enabling Act and Leases for their contents. The remainder of Paragraph 1 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 1 are otherwise denied.

2. PBA admits that the above-captioned adversary proceeding seeks a declaratory judgment that the Leases are not "true leases," but, rather disguised financing transactions; however, PBA denies that the Plaintiffs are entitled to any such relief. PBA admits that this adversary proceeding seeks a declaratory judgment that certain of the Leases do not give rise to administrative claims against the Debtors to the extent the Lessees are non-debtor entities. PBA denies, however, that the Plaintiffs are entitled to any such relief. The remainder of Paragraph 2 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 2 are otherwise denied.

3. PBA admits that holders of the PBA Bonds have previously alleged before this Court that the "rent" payments due under the Leases are entitled to administrative expense

---

[4] *Id.*, at § 903.

treatment under the Bankruptcy Code and PROMESA. The remainder of Paragraph 3 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 3 are otherwise denied.

## II.
## THE PARTIES

4. PBA admits the allegations in Paragraph 4.

5. PBA admits the allegations in Paragraph 5.

6. PBA admits the allegations in Paragraph 6.

## III.
## JURISDICTION AND VENUE

7. PBA is without knowledge or information sufficient to form a belief about the truth of the allegations in footnote 4 and therefore they are denied. PBA admits the remainder of the allegations of Paragraph 7.

8. PBA admits that the Committee filed its *Preliminary Objection of Official Committee of Unsecured Creditors to Motion of PBA Funds for Payment of Rent Dated February 13, 2018*, at Bankr. Dkt. No. 2586, and the FOMB filed its *Objection of Financial Oversight and Management Board to Motion of PBA Funds for the Payment of Rent*, at Bankr. Dkt. No. 2587 (the "Objections"). PBA refers to the Objections for their contents. The allegations of Paragraph 8 are otherwise denied.

9. PBA admits that this Court entered its *Order Resolving the Motion of the PBA Funds for the Payment of Rent*, at Bankr. Dkt. No. 2716 (the "Order"). PBA refers to the Order for its contents. The allegations of Paragraph 9 are otherwise denied.

10. PBA refers to the Order for its contents. The allegations of Paragraph 10 are otherwise denied.

11. PBA refers to 28 U.S.C. § 2201(a) for its contents. The remainder of Paragraph

11 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations in Paragraph 11 are otherwise denied.

12. PBA refers to PROMESA for its contents. The remainder of Paragraph 12 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations in Paragraph 12 are otherwise denied.

13. PBA refers to PROMESA for its contents. The remainder of Paragraph 13 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations in Paragraph 13 are otherwise denied.

## IV.
## BACKGROUND

### I. Overview of PBA

14. PBA admits that it is an instrumentality of the Commonwealth governed by a seven-member board, the members of which are, directly or by virtue of their holdings positions in the Executive Branch of the Commonwealth, appointed by the Governor of Puerto Rico with the advice and consent of the Senate. The allegations of Paragraph 14 are otherwise denied.

15. PBA refers to the Enabling Act for its contents. The allegations of Paragraph 15 are otherwise denied.

### II. The PBA Bonds

16. PBA refers to the referenced bond resolutions and legislation for their contents. The allegations of Paragraph 16 are otherwise denied.

17. PBA admits that more than $4 billion in aggregate principal amount of PBA Bonds remain outstanding but is without knowledge or information sufficient to form a belief about the exact amount of the aggregate principal amount of outstanding PBA Bonds. PBA is without knowledge or information sufficient to form a belief about the truth of the remaining

5

allegations in Paragraph 17 and therefore they are denied

18. PBA refers to the referenced legislation and bond resolutions for their content. The allegations of Paragraph 18 are otherwise denied.

19. PBA admits that the PBA Bonds are not secured by mortgages on any of the PBA Facilities or by an assignment of the Leases. PBA refers to the referenced bond resolutions for their contents. The allegations of Paragraph 19 are otherwise denied.

### III. The Leases

20. PBA admits that the PBA Annual Financial Information and Operating Data Report, dated April 28, 2017, discloses more than $4 billion in aggregate principal amount of PBA Bonds outstanding for the fiscal year ended June 30, 2016, but is without knowledge or information sufficient to form a belief about the exact amount of the aggregate principal amount of outstanding PBA Bonds as of the date of this pleading. PBA is without knowledge or information sufficient to form a belief about the exact number of "Leases" in effect between PBA and "Lessees," as those terms are defined in the Complaint, as of the date of this pleading and therefore the allegation in this regard is denied. PBA refers to the referenced Leases for their contents. The allegations of Paragraph 20 are otherwise denied.

21. PBA admits that the lessees under some of the referenced Leases are not Debtors. PBA refers to the Leases for their contents. The allegations of Paragraph 21 are otherwise denied.

22. PBA refers to the referenced Leases for their contents. The allegations of Paragraph 22 are otherwise denied.

23. PBA refers to the referenced Leases for their contents. The allegations of Paragraph 23 are otherwise denied.

### IV. Debt Service Disguised as "Rent" Payments

24. PBA refers to the referenced legislation and bond resolutions for their contents. The remainder of Paragraph 24 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 24 are otherwise denied.

25. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 25 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 25 are otherwise denied.

26. PBA refers to the referenced Leases and bond resolution for their contents. The allegations of Paragraph 26 are otherwise denied.

27. PBA refers to the referenced Leases and relevant bond resolutions for their contents. The allegations of Paragraph 27 are otherwise denied.

28. PBA refers to the referenced Leases and bond resolution for their contents. The allegations of Paragraph 28 are otherwise denied.

29. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 29 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 29 are otherwise denied.

30. PBA refers to the referenced Leases for their contents. The allegations of Paragraph 30 are otherwise denied.

31. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 31 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 31 are otherwise denied.

32. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 32 asserts legal conclusions for which no response is required; to the extent a response

is required, the allegations are denied. The allegations of Paragraph 32 are otherwise denied.

V.   **Ownership and Occupation of "Leased" Premises**

33.   PBA refers to the referenced Leases for their contents. PBA is without knowledge or information sufficient to form a belief about whether "the Commonwealth owns the property subject to the Subleases" or whether "the Commonwealth will continue to own the property and may occupy and use it as the Commonwealth sees fit" when the referenced Leases terminate and therefore the allegations are denied. Paragraph 33 further asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 33 are otherwise denied.

34.   PBA refers to the referenced Leases for their contents. PBA is without knowledge or information sufficient to form a belief about whether the Lessees will be able to continue using the properties following termination of the Leases and therefore the allegation is denied. Paragraph 34 further asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 34 are otherwise denied.

35.   PBA admits that a portion of the payments from the Leases are used to pay the PBA Bonds. PBA refers to the referenced Leases for their contents. The allegations of Paragraph 35 are otherwise denied.

**V.**
**FIRST CAUSE OF ACTION**

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Section 365(d)(3)**
**(Declaration that Leases are not Subject to Section 365(d)(3) Treatment)**

36.   In response to Paragraph 36, PBA adopts and re-asserts its responses to all prior paragraphs of the Complaint as though fully set forth at length herein.

8

73956791.8

37. PBA refers to PROMESA and the Bankruptcy Code for their contents. The remainder of Paragraph 37 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 37 are otherwise denied.

38. PBA refers to the referenced legislative materials and treatise for their contents. The allegations of Paragraph 38 are otherwise denied.

39. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 39 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 39 are otherwise denied.

40. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 40 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 40 are otherwise denied.

41. PBA refers to the referenced Leases and relevant legislation for their contents. The remainder of Paragraph 41 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 41 are otherwise denied.

42. PBA admits that a portion of the rents from the Leases are used to pay obligations related to the PBA Bonds. PBA admits that the Commonwealth may own properties subject to some of the Leases and, in some cases, may continue to own such properties at the end of the Lease. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 42 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 42 are otherwise denied.

43. PBA refers to the referenced Leases for their contents. The remainder of

73956791.8

Paragraph 43 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 43 are otherwise denied.

44. Paragraph 44 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 44 are otherwise denied.

## VI.
## SECOND CAUSE OF ACTON

**28 U.S.C. § 2201(a)
Bankruptcy Code Sections 503(b) and 507(a)(2)
(Declaration that PBA Does Not Have Administrative Claim Against Debtors Under Leases and that Any Such Claim is Disallowed)**

45. In response to Paragraph 45, PBA adopts and re-asserts its responses to all prior paragraphs of the Complaint as though fully set forth at length herein.

46. PBA refers to PROMESA and the Bankruptcy Code for their contents. The remainder of Paragraph 46 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations in Paragraph 46 are otherwise denied.

47. PBA refers to the referenced Leases for their contents. The remainder of Paragraph 47 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied. The allegations in Paragraph 47 are otherwise denied.

48. Paragraph 48 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied.

## VII.
## THIRD CAUSE OF ACTION

### 28 U.S.C. § 2201(a)
### Bankruptcy Code Sections 365(d)(3), 502, and 503(b)
### (Declaration that Non-Debtor Leases are Not Subject to Section 365(d)(3) Treatment, Do Not Give Rise to Administrative Claim, and Any Such Claim is Disallowed)

49. In response to Paragraph 49, PBA adopts and re-asserts its responses to all prior paragraphs of the Complaint as though fully set forth at length herein.

50. Paragraph 50 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations in Paragraph 50 are denied.

51. PBA refers to the Bankruptcy Code for its contents. The remainder of Paragraph 51 asserts legal conclusion for which no response is required; to the extent a response is required, the allegations are denied. The allegations of Paragraph 51 are otherwise denied.

52. PBA refers to the referenced Leases for their contents. The allegations of Paragraph 52 are otherwise denied.

53. Paragraph 53 asserts legal conclusions for which no response is required; to the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

54. The "Prayer for Relief" in the Complaint contains legal conclusions for which no response is required; to the extent a response is required, the allegations in the "Prayer for Relief" are denied.

## VIII.
## DEFENSES AND AFFIRMATIVE DEFENSES

55. Without conceding any applicable burden of proof, PBA alleges the following defenses/affirmative defenses to the claims set forth in the Complaint.

**I.     First Defense/Affirmative Defense**

56.    The Plaintiffs fail to state a claim upon which relief can be granted.

**II.    Second Defense/Affirmative Defense**

57.    The claims are barred by Bankruptcy Code section 365(d), as incorporated by PROMESA.

**III.   Third Defense/Affirmative Defense**

58.    The claims are inconsistent with and barred by the terms of the applicable Leases.

**IV.   Fourth Defense/Affirmative Defense**

59.    The claims are inconsistent with and barred by the terms of the applicable bond resolutions.

**V.    Fifth Defense/Affirmative Defense**

60.    The claims are inconsistent with, contrary to, or barred by the Enabling Act, other applicable Puerto Rico law, and/or public policy.

**VI.   Sixth Defense/Affirmative Defense**

61.    Plaintiffs have an adequate remedy at law, and no basis exists for any equitable relief.

**VII.  Seventh Defense/Affirmative Defense**

62.    To the extent that PBA has valid statutory, contractual, common law, civil law, or equitable defenses as to any claim, PBA incorporates and asserts all such defenses.

## RESERVATION OF RIGHTS

63.    PBA reserves the right to supplement or amend its answer to set forth additional defenses, crossclaims, counterclaims, and/or facts in support thereof.

## PRAYER

Wherefore, PBA respectfully requests that this Court enter judgment in its favor and

against the Plaintiffs, and award PBA all other and further relief to which it may be entitled at law or in equity.

Dated: January 28, 2019
Dallas, Texas

Respectfully submitted,

By: */s/ Julio J. Pagan Perez*
Julio J. Pagan Perez
USDC PR No. 223004
Telephone: (787) 607-0906
julio.pagan@g2la.com

**THE GARFFER GROUP OF LEGAL ADVISORS, LLC**
419 Calle De Diego
Suite 311 Urb Santa Barbara
San Juan, Puerto Rico 00923
Telephone: (787) 545-4455

-and-

**NORTON ROSE FULBRIGHT US LLP**

Toby L. Gerber (*pro hac vice* pending)
Bob B. Bruner (*pro hac vice* pending)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
toby.gerber@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com

Lawrence A. Bauer (*pro hac vice* pending)
1301 Avenues of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3078
lawrence.bauer@nortonrosefulbright.com

Peter L. Canzano (*pro hac vice* pending)
799 9th Street NW, Suite 1000
Washington, D.C. 20001
Telephone: (202) 662-4760
peter.canzano@nortonrosefulbright.com

***ATTORNEYS FOR PUERTO RICO PUBLIC BUILDINGS AUTHORITY***

73956791.8

## CERTIFICATE OF SERVICE

I hereby certify that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice electronically to all counsel of record, and will provide hard copies to the Court and United States Trustee as soon as practical after the filing of the foregoing, consistent with the Court's October 22, 2018 Seventh Amended Case Management Order. See Docket No. 4086-1.

*/s/s Julio J. Pagan Perez*
Julio J. Pagan Perez
USDC PR No. 223004
Telephone: (787) 607-0906
julio.pagan@g2la.com

14

73956791.8