# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*[1]<br>                Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283 (LTS) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br>         and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA)<br>                Plaintiffs,<br>v.<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br>                Defendant. | Adv. Proc. No. 18-149 (LTS)<br><br>**<u>NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S MOTION TO INTERVENE</u>** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................3

I. NATIONAL HAS AN UNCONDITIONAL RIGHT TO INTERVENE IN THIS ADVERSARY PROCEEDING UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(1) AND 11 U.S.C. § 1109(b)..............................................................3

    A. National Is a "Party In Interest" Under 11 U.S.C. § 1109(b) ..................................3
    B. National's Direct Interest as an Insurer of PBA Bonds Goes Far Beyond the Minimal Requirements of 11 U.S.C. § 1109(b) and Justifies Full Participation ...........................................................................................................4

II. NATIONAL ALSO MEETS THE STANDARD FOR INTERVENTION AS OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(A)(2), WHICH FURTHER JUSTIFIES A BROAD SCOPE OF PARTICIPATION IN THIS ADVERSARY PROCEEDING.......................................................................................7

RELIEF REQUESTED...........................................................................................................10

WEIL:\96879869\9\64984.0005

## TABLE OF AUTHORITIES

**Cases**                      **Page(s)**

*Alvarado v. J.C. Penney Co.*,
   997 F.2d 803 (10th Cir. 1993) ............................................................................................9

*Assured Guaranty Corp. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico)*,
   872 F.3d 57 (1st Cir. 2017) ............................................................................................4, 9

*Banco Popular de P.R. v. Greenblatt*,
   964 F2d 1227 (1st Cir. 1992) .............................................................................................5

*Cabot LNG Corp. v. Puerto Rico Elec. Power Auth.*,
   162 F.R.D. 427 (D.P.R. 1995) ............................................................................................9

*Combustion Eng'g Caribe, Inc. v. Geo P. Reintjes Co.*,
   No. CIV 02-2466 RLA, 2007 WL 1521566 (D.P.R. May 24, 2007) ..................................8

*Conservation Law Found. of New England, Inc. v. Mosbacher*,
   966 F.2d 39 (1st Cir. 1992) .................................................................................................9

*Daggett v. Comm'n on Governmental Ethics & Election Practices*,
   172 F.3d 104 (1st Cir. 1999) ..............................................................................................7

*District of Columbia v. Merit Sys. Protection Bd.*,
   762 F.2d 129 (D.C. Cir. 1985) ...........................................................................................9

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) ............................................................................................9

*R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*,
   584 F.3d 1 (1st Cir. 2009) ...................................................................................................6

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
   807 F.3d 472 (1st Cir. 2015) ..............................................................................................7

**Statutes**

22 L.P.R.A. § 903 ......................................................................................................................1

11 U.S.C. § 365..........................................................................................................................2

11 U.S.C § 503...........................................................................................................................2

11 U.S.C § 507 ............................................................................................................................. 2

11 U.S.C. § 1109 ................................................................................................................... 2, 3, 4

**Other Authorities**

Federal Rule of Bankruptcy Procedure 7024 ........................................................................... 1, 3

Federal Rule of Civil Procedure 24 ..................................................................................... *passim*

WEIL:\96879869\9\64984.0005

**TO THE HONORABLE COURT:**

National Public Finance Guarantee Corporation ("National"), by and through its undersigned counsel, respectfully moves to intervene, pursuant to Federal Rule of Bankruptcy Procedure 7024 and Federal Rule of Civil Procedure 24, and submits with this motion, as Exhibit B, its proposed Answer to Plaintiffs' complaint. Plaintiffs the Financial Oversight and Management Board for Puerto Rico ("FOMB") and the Official Committee of Unsecured Creditors ("UCC," and together with FOMB, "Plaintiffs"), and the defendant Puerto Rico Public Buildings Authority ("PBA") have not consented to National's intervention.[2]

## INTRODUCTION

1. PBA is an instrumentality of the Commonwealth tasked with planning, designing, administering, and providing maintenance for physical facilities related to government services, such as schools, health facilities, offices, headquarters, courts, warehouses, and workshops. *See* 22 L.P.R.A. § 903. PBA was empowered "to finance office buildings and other facilities, which are leased to various departments, public agencies and instrumentalities of the Commonwealth of Puerto Rico."[3] PBA issued bonds (the "PBA bonds") to raise capital, and repayment on those bonds primarily comes from rent payments on the leases.

---

[2] National has engaged in preliminary discussions with counsel for Plaintiffs regarding a joint stipulation that would allow National to intervene and define the scope of its participation, but has not been able to reach agreement.

[3] *See* Government of Puerto Rico, Government Development Bank of Puerto Rico, Investor Resources, *available at* http://www.gdb-pur.com/investors_resources/pr_public_building.html. In an effort to avoid unnecessary duplication, National incorporates by reference the relevant background regarding PBA contained in the Motions to Intervene filed by PBA Funds and the ZTCB Noteholders. *See* PBA Funds' Motion to Intervene, Dkt. No. 14, at ¶¶ 10–16 (Jan. 18, 2019) ("PBA Funds' Mot."); Motion of the QTCB Noteholder Group to Intervene and/or for Joinder Under Federal Rules of Bankruptcy Procedure 7024 & 7019, Dkt. No. 12, at ¶¶ 20–28 (Jan. 18, 2019) ("QTCB Mot.").

2. FOMB and the UCC initiated this adversary proceeding in an attempt to recharacterize the PBA's lease agreements with the Commonwealth as "disguised financing transactions," Compl. ¶ 2, which would have the effect of (a) relieving the Commonwealth of its obligation to continue making post-petition rent payments to PBA on account of the leases under 11 U.S.C. § 365(d)(3), and (b) stripping any accrued, unpaid post-petition lease claims of their status as priority administrative claims under 11 U.S.C §§ 503(b) and 507(a)(2).

3. National insures approximately $188,260,000 of PBA bonds secured by the leases and rent payments at issue in this proceeding, as well as many different types of debt issued by the Commonwealth, including $881 million of General Obligation ("GO") bonds. As a result of past defaults by PBA, National, has paid $31 million in claims to PBA bondholders and is therefore subrogated to the rights of those bondholders. National is also a creditor of the Commonwealth resulting from its payment of nearly $350 million in claims on the GO bonds.

4. For reasons set forth below, National meets the standards for intervention under Rule 24 of the Federal Rules of Civil Procedure and, as importantly, should be granted full participatory rights in this adversary proceeding. Aside from being a party in interest with an unconditional right to intervene in this adversary proceeding under Federal Rule of Civil Procedure 24(a)(1) and 11 U.S.C. § 1109(b), National meets the test for intervention as of right under Rule 24(a)(2) given its significant, long-term financial interests in the underlying PBA leases and rent payments: in the event Plaintiffs prevail in this proceeding and defendant PBA is deprived of the rent payments that would otherwise cover its debt obligations, National will be called upon to satisfy the payments due on the PBA bonds. Moreover, it is clear that there is a lack of true adversity between Plaintiffs and the named defendant, PBA, an instrumentality of the

2

Commonwealth that has yet to display any determination to vigorously enforce and defend the leases at issue in this proceeding.

5. The First Circuit has made clear that this Court has substantial discretion over the scope of an intervenor's participation, and the Court has previously cabined the role of parties intervening in adversary proceedings in which their actual interest was marginal at best. This case is different, however, because National's interest in this adversary proceeding is so strong and direct, and the threat of prejudice to that interest so clear—clear enough to easily meet the standard for traditional intervention as of right under Rule 24(a)(2). Given the potential impairment of National's interests in the event of an adverse ruling against PBA, National's unique role as the party bearing ultimate responsibility for payment to bondholders after further defaults, and the lack of adversity between Plaintiffs and PBA, National should be granted full party status to and the right to participate in all aspects of this adversary proceeding.

## ARGUMENT

I. **NATIONAL HAS AN UNCONDITIONAL RIGHT TO INTERVENE IN THIS ADVERSARY PROCEEDING UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(1) AND 11 U.S.C. § 1109(b)**

    A. **National Is a "Party In Interest" Under 11 U.S.C. § 1109(b)**

6. Federal Rule of Bankruptcy Procedure 7024, which is incorporated by section 310 of PROMESA, provides that Federal Rule of Civil Procedure 24 governs intervention in adversary proceedings such as this one. Rule 24(a)(1), in turn, states that upon timely motion, "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The First Circuit, in an earlier adversary proceeding arising out of this very Title III case, has determined that section 1109(b) of the Bankruptcy Code, which is also incorporated into PROMESA, and which grants any "party in interest," including any "creditor" of the Commonwealth, an "unconditional right to intervene

3

. . . on any issue" raised in any "adversary proceeding," is just the sort of federal statute referenced in Rule 24(a)(1). *Assured Guaranty Corp. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, 872 F.3d 57, 59–60 (1st Cir. 2017).

7.  National is a "party in interest" to this Title III case as a creditor of the Commonwealth: National has insured approximately $3.6 billion of the indebtedness of the Commonwealth and its public corporations, including approximately $881 million of general obligation ("GO") bonds and other obligations that constitute "public debt" under the Commonwealth Constitution. Following the Commonwealth's default with respect to principal and interest payments due on the GO bonds, to date National has paid approximately $348 million in aggregate claims by GO bondholders and is now fully subrogated to the rights of the GO bondholders for the claims it paid.[4] As a creditor, National has an unconditional right to intervene in this adversary proceeding under Rule 24(a)(1) and section 1109(b).

    **B.  National's Direct Interest as an Insurer of PBA Bonds Goes Far Beyond the Minimal Requirements of 11 U.S.C. § 1109(b) and Justifies Full Participation**

8.  Although section 1109(b) guarantees National the right to intervene in this proceeding, the court has discretion to define an intervenors' participation, including for the purpose of "preventing an expansion of scope capable of threatening the court's control over the matter." *Assured*, 872 F.3d at 64 (internal quotations omitted). National respectfully asks the Court to exercise its discretion to permit National to participate in this proceeding with all the rights of a full party. Given its role as an insurer of PBA bonds, National has a particularly strong and direct interest in this proceeding that goes far beyond the minimal requirements of

---

[4] National's interests as described in this paragraph have been detailed in its prior Proof of Claim submissions to the Court.

4

section 1109(b).[5]  Moreover, National's participation will not expand the scope of the proceeding or prejudice other parties, while limited participation will unfairly prejudice National.

9. As already noted, National has insured approximately $188 million in PBA bonds secured by the leases and rent payments challenged by Plaintiffs' complaint.  *See* NPFG Proof of Claim on PBA Bonds ¶¶ 10–11 (appended hereto as Ex. A).  Following Debtors' failure to make contractually required rent payments to PBA,[6] and PBA's subsequent default with respect to principal and interest payments due on the PBA bonds, National to date has paid approximately $31 million in aggregate claims by PBA bondholders, and is now fully subrogated to the rights of the PBA bondholders for the claims it paid.[7]  If Plaintiffs are successful in this adversary proceeding in attacking the validity of the PBA leases and avoiding the obligation to make post-petition rent payments securing the PBA bonds (or a related administrative claim for such payments), not only may National be forced to continue paying out on the PBA bonds as payments come due during the course of the Title III proceeding, but at its conclusion, National's claim for reimbursement will be stripped of the priority administrative claim status to which it is properly entitled.

10. Moreover, National's motion will not prejudice the other parties to this dispute because it is unquestionably timely under relevant First Circuit precedent, which seeks above all

---

[5] As will be discussed in the following section, those interests are significant enough also to justify intervention as of right under Rule 24(a)(2).

[6] *See* PBA Funds' Mot. ¶¶ 19–22, 29.  On February 13, 2018, the PBA Funds filed a motion seeking to compel the Debtors to continue making rent payments under the PBA Leases or, in the alternative, an order allowing an administrative expense claim in favor of PBA on account of such rent.  *See* Motion of the PBA Funds for the Payment of Rent, Case No. 17-3283-LTS, Dkt. No. 2492.

[7] *See* NPFG's Proof of Claim on PBA Bonds ¶ 21 (Ex. A) (identifying PBA bond claims as of May 22, 2018).

5

to avoid "last minute disruption of painstaking work by the parties and the court." *Banco Popular de P.R. v. Greenblatt*, 964 F.2d 1227, 1232 (1st Cir. 1992) (internal quotation omitted); *see also R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009) (examining timeliness based on four factors: (i) the length of time the putative intervenor knew or reasonably should have known that its interests were at risk before moving to intervene; (ii) the prejudice to existing parties if the intervention is allowed; (iii) the prejudice to the putative intervenor if the intervention is denied; and (iv) any special circumstances that militate for or against intervention). National is filing this motion within a month of the summons issuing and within the named defendant's deadline to respond to the Complaint. No discovery has yet occurred in the case, and the court has yet to hold a scheduling conference. National has appended a proposed Answer to this motion (see Ex. B), and is prepared to move forward immediately. Moreover, National's participation in this proceeding will not expand its scope, because its interest is limited to the questions of fact and law raised in the complaint, namely, the enforceability of the PBA leases at issue and the question of whether they constitute, as alleged, disguised financings. Given these circumstances, National's involvement presents no discernible prejudice to the original parties.

11. By comparison, the potential prejudice to National if its participation is limited is high. As an insurer of close to $200 million in PBA bonds secured by the rent payments put at risk by Plaintiffs' complaint, National is distinctly situated as compared to PBA (as well as the other putative intervenors): if Plaintiffs obtain a ruling (or settlement) in their favor, and the PBA is unable, as a result, to fulfill its payment obligations on the bonds, it is *National* that will be called on to make those payments, and *National* that ultimately will absorb the costs of default if

6

PBA's administrative priority claims are denied.[8] In short, National is a real party in interest in this case on the side of the Defendants. While National has been in contact with other of the would-be intervenors, including PBA Funds, and has agreed to work cooperatively with those intervenors wherever possible to avoid duplication and to limit the burdens on the original parties and the court, National clearly deserves the opportunity to bring its distinct perspective to this proceeding, to ensure that the case is vigorously defended, and to prevent its rights from being prejudiced by a collusive settlement.

## II. NATIONAL ALSO MEETS THE STANDARD FOR INTERVENTION AS OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(A)(2), WHICH FURTHER JUSTIFIES A BROAD SCOPE OF PARTICIPATION IN THIS ADVERSARY PROCEEDING

12. While National enjoys an unconditional right to intervene under 1109(b), it also meets the standard for intervention as of right under Rule 24(a)(2). That section permits intervention as of right if an intervenor can demonstrate that (1) its motion is timely; (2) it has an interest related to the property or transaction that forms the foundation of the ongoing action; (3) the disposition of the action threatens to impair or impede its ability to protect its interest; and (4) no existing party adequately represents its interest. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472, 474 (1st Cir. 2015). If the showing on one prong is particularly strong, it can excuse a weaker showing on another prong. *See Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 114 n.3 (1st Cir. 1999). For the same reasons detailed in Part I, National meets each prong of the Rule 24(a)(2) standard.

13. *First*, as demonstrated above, National's motion is timely. *See supra* ¶ 10.

---

[8] We discuss below reasons to question whether PBA itself will mount a vigorous defense against Plaintiffs' claims. *See infra* ¶ 16.

7

14. *Second*, National has a significant and compelling direct interest in the particular property and transactions that underlie this action. As noted, National not only has insured approximately $188 million in PBA bonds secured by the rent payments targeted in this adversary proceeding, but to date has paid approximately $31 million in aggregate claims by PBA bondholders following PBA's default with respect to principal and interest payments due on the PBA bonds. As a result, National is now fully subrogated to the rights of the PBA bondholders for the claims it paid, and has a lien on the rental payments pledged to payment of the PBA bonds. *See Combustion Eng'g Caribe, Inc. v. Geo P. Reintjes Co.*, No. CIV 02-2466 RLA, 2007 WL 1521566, at *5 (D.P.R. May 24, 2007) (intervening bond insurer had sufficient interest in litigation involving its insured where insurer had contractual rights to subrogation and to collateralize insured's settlement fund).

15. *Third*, the disposition of this proceeding threatens to impede National's ability to protect its interests as an insurer and creditor. If FOMB achieves a favorable order or settlement in this proceeding that leads to a continued failure to make post-petition rent payments and/or a defeat of PBA's administrative claim, PBA will be unable to make payments on the PBA Bonds. In that eventuality, not only will National be forced to continue paying out on the PBA bonds as payments come due during the course of the Title III proceeding, but at its conclusion, National will be left with general unsecured debt instead of the priority administrative claims to which it is properly entitled. *See Caribe*, 2007 WL 1521566, at *5.

16. *Fourth*, there are good reasons to believe that PBA itself may not vigorously defend itself against the complaint or adequately represent the interests of National. Plaintiffs themselves acknowledge that the Debtors and PBA are under the "common control of the Governor." Compl. ¶¶ 34, 41. As noted, during the course of this Title III proceeding, the PBA

8

has failed to take affirmative steps to fulfill its obligation, pursuant to Commonwealth law and regulation, to collect deficient rent payments and remit them to bondholders, necessitating a motion from the PBA Funds to enforce that obligation. *See supra* ¶ 9.[9] Under such circumstances, National cannot rely on PBA to represent its interests by vigorously defending this action, warranting full intervention for National. *See Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44–45 (1st Cir. 1992) ("[A]n agency seeking to protect both the public interest and the interest of a private intervenor undertakes a 'task which is on its face impossible.'"); *Cabot LNG Corp. v. Puerto Rico Elec. Power Auth.*, 162 F.R.D. 427, 431 (D.P.R. 1995) ("PREPA is a government agency and therefore, cannot adequately represent private interests in litigation.").

17.     Intervenors who meet the Rule 24 standards are generally permitted the full rights of parties. *See, e.g.*, *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) ("[W]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party.") (quoting *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997) ("[A]s a general rule, intervenors are permitted to litigate fully once admitted to a suit."). Because National meets the Rule 24(a)(2) requirements, it respectfully asks the Court to exercise its discretion to permit National to enter this proceeding as a full party with all participatory rights.

---

[9] The intervention motions of the PBA Funds and the QTCB Noteholder Group further describe the apparent conflict of interest and lack of true adversity between Plaintiffs and PBA. *See* PBA Funds Mot. ¶¶ 28–31; QTCB Mot. ¶¶ 13, 45–46. For example, PBA and Plaintiffs have responded jointly to inquiries from PBA Funds as to whether PBA and AAFAF intend to defend against the complaint, suggesting the named parties may wish to settle the matter without the involvement or consent of PBA Funds or other putative intervenors. *See* PBA Funds' Mot. ¶¶ 30–31.

9

**RELIEF REQUESTED**

18. National respectfully submits that the same broad scope of intervention typically permitted to Rule 24 intervenors is appropriate here, and requests an order granting it the right to intervene in this adversary proceeding as a full participant and to file the proposed answer appended as Exhibit B. A draft order to this effect is appended as Exhibit C.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 28th day of January, 2019.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this motion was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, copy of this document will be notified via electronic mail to all case participants.

*/s/Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206314

Luis A. Oliver Fraticelli
USDC-PR No. 209204
Alexandra Casellas-Cabrera
USDC-PR. No. 301010
Lourdes Arroyo Portela
USDC-PR 226501
**ADSUAR MUÑIZ GOYCO
SEDA & PÉREZ-OCHOA, PSC.**
208 Ponce de León Avenue, Suite 1600
San Juan, Puerto Rico 00936
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email: epo@amgprlaw.com
      loliver@amgprlaw.com
      acasellas@amgprlaw.com
      larroyo@amgprlaw.com

– and –

10

Marcia Goldstein*
Jonathan Polkes*
Robert Berezin*
Kelly DiBlasi*
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: marcia.goldstein@weil.com
jonathan.polkes@weil.com
robert.berezin@weil.com
kelly.diblasi@weil.com

*Attorneys for National Public Finance Guarantee Corporation*

*Admitted *pro hac vice*

11