UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.,* : (Jointly Administered)
:
    Debtors.¹ :
---------------------------------------------------------------------- x
THE FINANCIAL OVERSIGHT AND :
MANAGEMENT BOARD FOR PUERTO RICO, : Adv. Proc. No. 18-00149
:
    as representative of :
:
THE COMMONWEALTH OF PUERTO RICO, *et al.,* :
:
    and :
:
THE OFFICIAL COMMITTEE OF UNSECURED :
CREDITORS OF ALL TITLE III DEBTORS (OTHER :
THAN COFINA), :
:
    Plaintiffs, :
:
v. :
:
PUERTO RICO PUBLIC BUILDINGS AUTHORITY, :
:
    Defendant. :
---------------------------------------------------------------------- x

---

¹   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

**STIPULATION AND ORDER RESOLVING MOTION FOR
INTERVENTION UNDER BANKRUPTCY RULE 7024**

WHEREAS, on December 21, 2018, the Financial Oversight and Management Board for Puerto Rico (the "FOMB") and the Official Committee of Unsecured Creditors of all Debtors other than COFINA (the "Committee" and together with the FOMB, "Plaintiffs") commenced the above-captioned adversary proceeding (the "Adversary Proceeding") through the filing of a complaint, *see* Adv. Proc. No. 18-00149, Dkt. No. 1 (the "Complaint"), against Puerto Rico Public Buildings Authority (the "PBA" or "Defendant");

WHEREAS, the Official Committee of Retiree Employees of the Commonwealth of Puerto Rico (the "Retiree Committee" and, together with Plaintiffs and Defendant, the "Parties") has moved to intervene or otherwise participate in the Adversary Proceeding and/or for joinder under Federal Rules of Bankruptcy Procedure 7024 and 7019. *See* Adv. Proc. No. 18-00149, Dkt. No. 35 (the "Motion to Intervene");

WHEREAS, the Parties have conferred regarding the Motion to Intervene and, through counsel, have stipulated to the entry of this order resolving the Motion to Intervene pursuant to Federal Rule of Bankruptcy Procedure 7024;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Leave to intervene is granted to the Retiree Committee, but only to the extent provided for herein.

2. Except as provided herein, the Retiree Committee shall be permitted to appear and be heard in this Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7024.

3. The proposed joinder to the Complaint attached to the Motion to Intervene shall be deemed filed with the Court as of the date of entry of this order.

4. For all issues in the Adversary Proceeding, including any appeal therefrom, that involve the filing of a Pleading,[2] the Retiree Committee shall be permitted to file a Pleading. The page limit applicable to such Pleading shall be the page limit set forth in paragraph I.E. of the Case Management Procedures.

5. Subject to any scheduling order or other order entered in this Adversary Proceeding, the Retiree Committee shall have the right to serve discovery requests, including without limitation document requests, deposition notices, interrogatories, and requests for admissions. Counsel for the Retiree Committee may also attend depositions and examine each witness who testifies at any such deposition. All rules governing discovery, including without limitation any Federal Rules of Bankruptcy Procedure that limit the permissible number of discovery requests or the length of depositions, shall apply to the Retiree Committee.

6. For purposes of any trial or evidentiary hearing, the Retiree Committee may submit its own witness and exhibit list.

7. Absent leave of Court, on issues that require oral argument, the Retiree Committee will be entitled to no more than the same amount of oral argument time that any other Party receives.

8. Without prejudice to any other rights the Retiree Committee may hold, including but not limited to its rights as an official committee, the Retiree Committee shall not be able to settle, oppose settlement, or appeal settlement of any cause of action in this Adversary Proceeding solely based on its status as an intervenor.

9. Without waiver of any rights the Retiree Committee may have under applicable law, the Retiree Committee shall not be permitted to assert any counterclaims or cross-claims in

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Eighth Amended Case Management Procedures* [Case No. 17-3283; Dkt. No. 4866-1] (the "Case Management Procedures").

this Adversary Proceeding. The fact that the Retiree Committee does not assert a counterclaim or cross-claim in this Adversary Proceeding shall not be used by anyone to argue that the Retiree Committee is precluded from raising any issues, claims, or arguments in a subsequent litigation.

10. The procedures set forth in the Case Management Procedures shall apply to this Adversary Proceeding unless otherwise indicated herein.

11. Nothing contained herein shall preclude the Parties from seeking to amend this order for any reason, including to address the proposed intervention of additional parties as plaintiffs.

12. The Court shall retain jurisdiction over the matters contained in this order, including the right to change or modify any of its terms, on the Court's own motion or pursuant to a showing of good cause.

This resolves Dkt. No. 35.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: February 7, 2019

AGREED:

JENNER & BLOCK LLP

By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

--and—

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Co-counsel for The Official Committee of Retired Employees of Puerto Rico*

5

PROSKAUER ROSE LLP

By:
*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036
212-969-3000 (telephone)
212-969-2900 (facsimile)

-and-

O'NEILL & BORGES LLC

By:
*/s/ Hermann D. Bauer*
Herman D. Bauder
USDC No. 215205
250 Munoz Rivera Ave., Suite 800
San Juan, PR 00918-8181
(787) 764-8181 (telephone)
(787) 753-8944 (facsimile)

*Co-counsel for the Financial Oversight and Management Board as Representative for the Commonwealth of Puerto Rico*

PAUL HASTING LLP

By:
*/s/ Luc A. Despins*
Luc A. Despins (admitted *pro hac vice*)
200 Park Avenue
New York, NEW York 10166
(212) 318-600 (telephone)
lucdespins@paulhastings.com

Nicholas A. Basset (admitted *pro hac vice*)
875 15th Street, N.W.
Washington D.C. 2005
(202) 551-1902 (telephone)
nicholasbassett@paulhastings.com

--and—

CASILLAS, SANTIAGO & TORRES LLC

By:
*/s/ Juan J. Casillas*
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Co-counsel to the Office Committee of Unsecured Creditors*

The GARFFER GROUP OF LEGAL ADVISORS, LLC

By:
*/s/ Julio J. Pagan Perez*
Julio J. Pagan Perez USDC PR No. 223004
419 Calle De Diego
Suite 311 Urb Santa Barbara
San Juan, Puerto Rico 00923
Telephone: (787) 607-0906
julio.pagan@g2la.com

-and-

NORTON ROSE FULBRIGHT US LLP
Toby L. Gerber (admitted *pro hac vice*)
Bob B. Bruner (admitted *pro hac vice*)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
toby.gerber@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com

Lawrence A. Bauer (admitted *pro hac vice*)
1301 Avenues of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3078

lawrence.bauer@nortonrosefulbright.com

Peter L. Canzano (admitted *pro hac vice*)
799 9th Street NW, Suite 1000
Washington, D.C. 20001
Telephone: (202) 662-4760
peter.canzano@nortonrosefulbright.com

*Co-counsel for Puerto Rico Public Buildings Authority*