# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br><br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>     Plaintiffs,<br><br>v.<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>     Defendant. | Adv. Pro. No. 18-00149-LTS<br><br>**ANSWER OF INTERVENOR DEFENDANTS ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP.** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Pursuant to the Order authorizing Assured Guaranty Corp. ("AGC") and Assured Guaranty Municipal Corp. ("AGM", and together with AGC, "Assured") to intervene in the above-captioned adversary proceeding (ECF No. 54), Assured, by and through its undersigned counsel, hereby responds to the allegations in the Complaint for Declaratory Relief and Disallowance of Administrative Rent Claims (ECF No. 1) (the "Complaint") filed by the Financial Oversight and Management Board for Puerto Rico ("FOMB") as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC", and together with FOMB, the "Plaintiffs") against the Public Buildings Authority ("PBA") and states as follows:

To the extent the Complaint asserts factual allegations in its headings, Assured denies those allegations. To the extent that any matters in the Complaint are not expressly admitted, they are denied. Assured responds to all remaining factual allegations as follows:

Assured denies the allegations in the Complaint's unnumbered introductory paragraph, except Assured admits that Plaintiffs purport to bring this action under Federal Rules of Bankruptcy Procedure 7001(7) and (9), made applicable to these Title III cases by section 310 (48 U.S.C. § 2170) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). Further, Assured denies that the UCC has standing to bring this action as a plaintiff.

## NATURE OF PROCEEDING

1. Assured denies the allegations in Paragraph 1, except admits that (1) the PBA is an instrumentality of the Commonwealth that has issued bonds (the "PBA Bonds") to finance the acquisition, construction and/or improvement of office space and other facilities (collectively, the "PBA Facilities") used by departments, agencies, instrumentalities, authorities, public corporations, and municipalities of the Commonwealth (the "Public Occupants") for

government operations and (2) more than $4 billion in aggregate principal amount of PBA Bonds remain outstanding. Assured denies the allegations that the Leases, as defined in the Complaint, are not arm's length rental transactions designed to grant the Public Occupants temporary use of the PBA Facilities but rather a vehicle for the Commonwealth to repay the PBA Bonds through the Lessees' purported rent payments. Assured lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1, and therefore denies those allegations.

2. Assured denies the allegations in Paragraph 2, which also contains legal conclusions or descriptions of allegations or relief sought to which no answer is required.

3. Assured admits the second sentence in Paragraph 3. Assured denies the remainder of the allegations in Paragraph 3, which also contains legal conclusions to which no answer is required.

## PARTIES

4. Assured admits the allegations in Paragraph 4 and refers to the language of the cited provisions for their meaning.

5. Assured admits the allegations in Paragraph 5.

6. Assured admits the allegations in Paragraph 6, and refers to the language of the cited provision for its meaning.

## JURISDICTION AND VENUE

7. Assured admits the allegations in Paragraph 7.

8. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9. Assured denies the allegations of Paragraph 9, except admits that the Court entered an order resolving the Rent Motion and refers to that Order for its meaning.

10. Assured denies the allegations of Paragraph 10, except admits that the Court entered an order resolving the Rent Motion and refers to that Order for its meaning.

11. Assured denies the allegations in Paragraph 11 and refers to the cited provision for its meaning and effect.

12. Assured denies the allegations in Paragraph 12, which also contains legal conclusions to which no answer is required.

13. Assured denies the allegations in Paragraph 13, which also contains legal conclusions to which no answer is required.

## BACKGROUND

### Overview of PBA

14. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies those allegations, except admits that PBA is an instrumentality of the Commonwealth of Puerto Rico and that PBA is governed by a seven-member board, and refers to the language of the cited provision for its meaning.

15. Assured denies the allegations in Paragraph 15, except admits that the PBA was authorized to issue the PBA Bonds to finance the PBA Facilities and enter into the Leases, and refers to the Enabling Act for its meaning and effect.

### The PBA Bonds

16. Assured denies the allegations in Paragraph 16, except admits that PBA issued multiple series of PBA Bonds pursuant to certain bond resolutions. Assured refers to the Bond Resolutions cited for their meaning and effect. Assured denies the allegations contained in footnote 5. Assured admits that the Commonwealth has guaranteed the payment of rent under

the PBA Leases with the Public Occupants other than municipalities and that the Commonwealth has guaranteed the payment of principal and interest on the PBA Bonds. However, Assured denies any allegation or implication in Paragraph 16 that these guarantees are limited in any way.

17. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

18. Assured denies the allegations in Paragraph 18, which also contains legal conclusions to which no answer is required. Assured refers to the Enabling Act and the Bond Resolutions for their meaning and effect.

19. Assured denies the allegations in Paragraph 19, which also contains legal conclusions to which no answer is required, except admits that certain rental payments must be deposited into certain accounts to be held in trust for the bondholders and that the deposits or securities in such accounts are collateral for certain PBA Bonds. Assured refers to the Bond Resolutions for their meaning and effect.

**The Leases**

20. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations. Assured refers to the cited provision for its meaning and effect.

22. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations. Assured specifically denies the last sentence of Paragraph 22 and refers to the Leases for their meaning and effect.

23. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations. Assured refers to the documents cited for their meaning and effect.

**Debt Service Disguised as "Rent" Payments**

24. Assured denies the allegations in Paragraph 24 and refers to the Enabling Act and Bond Resolutions for their meaning and effect. Assured specifically denies the last sentence of Paragraph 24.

25. Assured denies the allegations in Paragraph 25 and refers to the documents cited for their meaning and effect. Assured specifically denies the last sentence of Paragraph 25.

26. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies those allegations and refers to the documents cited for their meaning and effect.

27. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies those allegations and refers to the documents cited for their meaning and effect.

28. Assured denies the allegations in Paragraph 28 and refers to the documents cited for their meaning and effect.

29. Assured denies the allegations in Paragraph 29, which also contains legal conclusions to which no answer is required. Assured also refers to the documents cited for their meaning and effect.

30. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies those allegations and refers to the documents cited for their meaning and effect.

31. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies those allegations and refers to the documents cited for their meaning and effect. Paragraph 31 also contains legal conclusions to which no answer is required.

32. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies those allegations and refers to the documents cited for their meaning and effect. Assured specifically denies the allegations in the first sentence of Paragraph 32.

**Ownership and Occupation of "Leased" Properties**

33. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies those allegations. Paragraph 33 also contains legal conclusions to which no answer is required.

34. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies those allegations and refers to the documents cited for their meaning and effect. Paragraph 34 also contains legal conclusions to which no answer is required.

35. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies those allegations. Paragraph 35 also contains legal conclusions to which no answer is required.

## FIRST CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Section 365(d)(3)**
**(Declaration That Leases Are Not Subject to Section 365(d)(3) Treatment)**

36. Assured's answers to Paragraphs 1-35 above are incorporated by reference as if fully set forth herein. Assured further denies the allegations contained in the heading immediately preceding Paragraph 36 of the Complaint.

37. Assured denies the allegations in Paragraph 37 and refers to the documents cited for their meaning and effect. Paragraph 37 also contains legal conclusions to which no answer is required.

38. Assured denies the allegations in Paragraph 38 and refers to the documents cited for their meaning and effect. Paragraph 38 also contains legal conclusions to which no answer is required.

39. Assured denies the allegations in Paragraph 39.

40. Assured denies the allegations in Paragraph 40.

41. Assured denies the allegations in Paragraph 41.

42. Assured denies the allegations in Paragraph 42.

43. Assured denies the allegations in Paragraph 43.

44. Assured denies the allegations in Paragraph 44.

## SECOND CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Sections 503(b) and 507(a)(2)**
**(Declaration That PBA Does Not Have Administrative Claim**
**Against Debtors Under Leases and That Any Such Claim is Disallowed)**

45. Assured's answers to Paragraphs 1-44 above are incorporated by reference as if fully set forth herein. Assured further denies the allegations contained in the heading immediately preceding Paragraph 45 of the Complaint.

46. Assured admits the allegations in Paragraph 46 and refers to the documents cited for their meaning and effect.

47. Assured denies the allegations in Paragraph 47.

48. Assured denies the allegations in Paragraph 48.

## THIRD CAUSE OF ACTION

**28 U.S.C. § 2201(a)
Bankruptcy Code Sections 365(d)(3), 502, and 503(b)
(Declaration That Non-Debtor Leases Are Not Subject to Section 365(d)(3) Treatment,
Do Not Give Rise to Administrative Claim, and Any Such Claim is Disallowed)**

49. Assured's answers to Paragraphs 1-48 above are incorporated by reference as if fully set forth herein. Assured further denies the allegations contained in the heading immediately preceding Paragraph 49 of the Complaint.

50. Assured denies the allegations in Paragraph 50 and refers to the documents cited for their meaning and effect.

51. Assured denies the allegations in Paragraph 51 and refers to the documents cited for their meaning and effect.

52. Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies those allegations.

53. Assured denies the allegations in Paragraph 53.

## GENERAL DENIAL

Except as otherwise previously admitted in paragraphs 1 through 53, Assured denies each and every allegation contained in paragraphs 1 through 53 of the Complaint, including, without limitation, the headings and subheadings. Assured expressly reserves the right to amend and/or supplement its Answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear under applicable law, and without limitation as to any and all other affirmative and additional defenses that it has, including those that subsequently may arise in this action, Assured asserts the following affirmative or additional defenses to Plaintiffs' claims:

## FIRST DEFENSE

The Complaint, and each and every claim therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, waiver, acquiescence, unclean hands, and/or other equitable defenses.

## THIRD DEFENSE

Plaintiffs have an adequate remedy at law, and no basis exists for any equitable relief.

## FOURTH DEFENSE

Plaintiffs lack standing to bring this action, including, but not limited to, the Third Cause of Action.

## FIFTH DEFENSE

The doctrine of laches bars claims by the Commonwealth because the Commonwealth unreasonably delayed in claiming that the Leases were not true leases or were otherwise not legitimate.

## SIXTH DEFENSE

Plaintiffs' claims are also barred because those claims are contrary to public policy. Any alternative characterization of the Leases would undermine investor confidence, unnecessarily

call into question the integrity of the rent-backed securitization model, and seriously jeopardize the ability of the Commonwealth to raise needed capital quickly and inexpensively.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unjust enrichment. Plaintiffs benefited from the infrastructure built via the financing obtained through the Leases and PBA Bonds. The Commonwealth continues to benefit through use of the rented premises. Plaintiffs would be unjustly enriched if they were permitted to confiscate the pledged rental payments from PBA and Assured after having enjoyed those benefits.

## EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over this matter. Assured asserts that this Title III Court has no jurisdiction to change the characterization of Leases between the PBA and entities other than the Title III Debtors.

## NINTH DEFENSE

Plaintiffs have failed to allege fraud with the level of particularity required by Federal Rule of Civil Procedure 9(b), and have failed to state with particularity the circumstances allegedly constituting fraud.

## TENTH DEFENSE

The provisions of the Leases are not severable, and the Leases in their entirety therefore constitute true leases.

## ELEVENTH DEFENSE

Assured currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and yet unstated affirmative defenses available. Assured, therefore, reserves the right to assert all other defenses that may be pertinent to the Complaint

and assert counterclaims and other claims once the precise nature of the Plaintiffs' claims are ascertained through discovery and investigation.

WHEREFORE, Assured denies that Plaintiffs are entitled to any relief and respectfully requests that that the Court:

(a) enter judgment dismissing the Complaint with prejudice;

(b) grant Assured costs and expenses, including reasonable attorneys' fees incurred in this action; and

(c) grant Assured such additional relief as the Court deems just and proper.

Dated: San Juan, Puerto Rico
March 19, 2019

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez*<br>Heriberto Burgos Pérez<br>USDC-PR 204809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR 203114<br>Diana Pérez-Seda<br>USDC-PR 232014<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>Telephone: (787) 756-1400<br>Facsimile: (787) 756-1401<br>Email: hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com<br>dperez@cabprlaw.com<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: */s/ Mark C. Ellenberg*<br>Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>William J. Natbony*<br>Ellen M. Halstead*<br>Thomas J. Curtin*<br>Casey J. Servais*<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 406-6666<br>Email: howard.hawkins@cwt.com<br>mark.ellenberg@cwt.com<br>bill.natbony@cwt.com<br>ellen.halstead@cwt.com<br>thomas.curtin@cwt.com<br>casey.servais@cwt.com<br><br>* Admitted *pro hac vice*<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, 19th day of March, 2019.

By: /s/ *Mark C. Ellenberg*
Mark C. Ellenberg*
* Admitted pro hac vice