# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, et al.,<br><br>    and<br><br>The Official Committee of Unsecured Creditors of All Title III Debtors (Other than COFINA),<br><br>    Plaintiffs,<br><br>v.<br><br>Puerto Rico Public Buildings Authority,<br><br>    Defendant. | Adv. Proc. No. 18-00149-LTS |

## ANSWER OF INTERVENOR-DEFENDANT
## LAWFUL CONSTITUTIONAL DEBT COALITION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Intervenor-Defendant the Lawful Constitutional Debt Coalition (the "LCDC"),[2] through its undersigned counsel, by virtue of its Motion to Intervene, hereby responds to and answers the allegations in the Complaint for Declaratory Relief and Disallowance of Administrative Rent Claims (the "Complaint")[3] filed by the Financial Oversight and Management Board (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), *et al.* and its related Title III debtors (the "Debtors"), and the Official Committee of Unsecured Creditors of all Debtors other than COFINA (the "Committee," together with the Oversight Board, the "Plaintiffs") against the Puerto Rico Public Buildings Authority ("PBA"), and states as follows:

The LCDC denies the allegation in footnote 2 of the Complaint that the Committee has standing to bring this action as Plaintiff.

## NATURE OF PROCEEDINGS[4]

1. The LCDC admits that PBA is an instrumentality of the Commonwealth created to issue bonds (the "PBA Bonds") to finance the acquisition, construction, and/or improvement of office space and other facilities (collectively, the "PBA Facilities") used by departments, agencies, instrumentalities, authorities, public corporations, and municipalities of the Commonwealth (the "Public Occupants") for government operations and providing essential services to the public. The LCDC also admits that more than $4 billion in aggregate principal amount of PBA Bonds remain

---

[2] The LCDC consists of the following institutional holders of early vintage Commonwealth General Obligation ("GO") bonds and PBA Bonds (as defined below): GoldenTree Asset Management LP (on behalf of its participating clients), Monarch Alternative Capital LP (on behalf of its participating clients), Taconic Capital Advisors L.P. (on behalf of funds under management), and Whitebox Advisors LLC (on behalf of its participating clients).

[3] Capitalized terms not otherwise defined have the meanings ascribed to them in the Complaint.

[4] To the extent the Complaint asserts factual allegations in any of its headings, the LCDC denies those allegations.

outstanding. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 1. The LCDC denies the remaining allegations in Paragraph 1, including footnote 3.

2. The LCDC admits that Plaintiffs seek a declaratory judgment and seek the relief requested in the Complaint, but otherwise denies the allegations in Paragraph 2.

3. The LCDC denies the allegations in Paragraph 3, which also contains legal conclusions to which no answer is required.

## PARTIES

4. The LCDC admits that the Oversight Board was established in part by PROMESA and respectfully refers the Court to PROMESA §§ 101(a), 101(d)(1), 201(c)(3), and 201(e) for a complete and accurate reflection of what PROMESA established and authorized.

5. The LCDC admits the allegations in Paragraph 5.

6. The LCDC admits the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. The LCDC admits the allegations in Paragraph 7.

8. The LCDC admits that the Oversight Board and Committee objected to the Rent Motion and respectfully refers the Court to those objections (Dkt. Nos. 2586 and 2587 in Case No. 17-3283), which speak for themselves. To the extent Paragraph 8 purports to state legal conclusions, the LCDC states that no response is required.

9. The LCDC admits that the Court entered an order resolving the Rent Motion and respectfully refers the Court to that order (the "Rent Motion Order," Dkt. No. 2716 in Case No. 17-3283), which speaks for itself. The LCDC otherwise denies the allegations in Paragraph 9.

10. The LCDC admits that the Court entered the Rent Motion Order and respectfully refers the Court to the Rent Motion Order, which speaks for itself.

11. The LCDC denies the allegations in Paragraph 11. To the extent Paragraph 11 purports to state legal conclusions, the LCDC states that no response is required.

12. Paragraph 12 purports to state legal conclusions, to which the LCDC states that no response is required. To the extent a response is required, the LCDC denies the allegations in Paragraph 12.

13. Paragraph 13 purports to state legal conclusions, to which the LCDC states that no response is required. To the extent a response is required, the LCDC denies the allegations in Paragraph 13.

## BACKGROUND

### I. Overview of PBA

14. The LCDC admits that PBA is an instrumentality of the Commonwealth and that PBA is governed by a seven-member board. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and respectfully refers the Court to 3 L.P.R.A. App. § VII and 22 L.P.R.A. § 904 for a complete and accurate description of those statutes' contents.

15. The LCDC admits that PBA is authorized to issue PBA Bonds and enter into Leases, but otherwise denies the allegations in Paragraph 15. The LCDC respectfully refers the Court to the Enabling Act for a complete and accurate description of PBA's authorized actions.

### II. The PBA Bonds

16. The LCDC admits that PBA has issued multiple series of PBA Bonds pursuant to bond resolutions and respectfully refers the Court to the Bond Resolutions, 22 L.P.R.A. § 916, and

Act No. 17-1968, each as amended, for a complete and accurate description of their contents. The LCDC denies any remaining allegations in Paragraph 16, including footnote 5.

17. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. The LCDC denies the allegations in Paragraph 18 and respectfully refers the Court to the Enabling Act and Bond Resolutions for a complete and accurate representation of their contents. To the extent that Paragraph 18 purports to state a legal conclusion, the LCDC states that no response is required.

19. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, except admits that certain rental payments must be deposited in certain accounts held in trust for the bondholders, and that the deposits or securities in such accounts are collateral for certain PBA Bonds. The LCDC respectfully refers the Court to the Bond Resolutions for a complete and accurate understanding.

### III. The Leases

20. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. The LCDC admits that the lessees under some of the Leases are not Debtors, that non-Debtor instrumentalities or public corporations of the Commonwealth are distinguishable from departments or agencies of the Commonwealth, and that claims may not be asserted against non-debtors in the Title III cases, and respectfully refers the Court to 11 U.S.C. § 365(d)(3) for a complete and accurate understanding of the statute. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21, and to the extent they purport to state a legal conclusion, no response is required.

22. The LCDC admits that some of the Leases are structured as subleases but denies the allegation in Paragraph 22 that the Subleases exist for no other reason than to provide a source of payment for debt service on PBA Bonds that finance facilities and/or improvements to facilities already owned by the Commonwealth. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22, and respectfully refers the Court to each of the Leases for a complete and accurate description of their contents.

23. The LCDC admits that a DOE Series R Lease and a DOE Series T Lease are attached to the Complaint as Exhibits A and B, respectively. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 and respectfully refers the Court to Exhibits A and B for a complete and accurate understanding of the Leases' contents.

### IV. Debt Service Disguised as "Rent" Payments

24. The LCDC denies the allegations in Paragraph 24, except for the last sentence, which the LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegation.

25. The LCDC denies the last sentence in Paragraph 25. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and respectfully refers the Court to each of the cited Leases for a complete and accurate understanding of their contents.

26. The LCDC admits that the Treasury Department Lease is attached to the Complaint as Exhibit D and that the language from the Treasury Department Lease quoted in Paragraph 26 is accurate. The LCDC lacks the knowledge or information sufficient to form a belief about the truth

5

of the remaining allegations in Paragraph 26 and respectfully refers the Court to Exhibit D of the Complaint for a complete and accurate description of the Treasury Department Lease.

27. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and respectfully refers the Court to each Lease for a complete and accurate representation of its contents.

28. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and respectfully refers the Court to each Lease and the Bond Resolutions for a complete and accurate representation of their contents.

29. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and respectfully refers the Court to each Lease for a complete and accurate representation of its contents. The LCDC also notes that the last sentence in Paragraph 29 calls for a legal conclusion to which no response is required.

30. The LCDC admits that the language quoted in Paragraph 30 accurately quotes from the DOE Series R and Treasury Department Leases attached to the Complaint and respectfully refers the Court to those Leases for a complete and accurate representation of their contents.

31. The LCDC admits that the language quoted in Paragraph 31 accurately quotes from the Treasury Department Lease and refers the Court to the Treasury Department Lease for a complete and accurate representation of its contents. The LCDC denies that any pass-through of expenses is evidence that each of the Leases is not a "true lease" and denies the last sentence of Paragraph 31. The LCDC otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. The LCDC denies the first sentence of Paragraph 32. The LCDC admits that the language quoted from the DOE Series R Lease in Paragraph 32 is accurate and respectfully refers

the Court to that Lease for a complete and accurate representation of its contents. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

## V.  Ownership and Occupation of "Leased" Properties

33. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and respectfully refers the Court to each of the Leases for a complete and accurate representation of its contents.

34. The LCDC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and respectfully refers the Court to each of the Leases for a complete and accurate representation of its contents.

35. The LCDC denies the allegations in Paragraph 35.

## FIRST CAUSE OF ACTION

### 28 U.S.C. § 2201(a)
### Bankruptcy Code Section 365(d)(3)
### (Declaration That Leases Are Not Subject to Section 365(d)(3) Treatment)

36. The LCDC's answers to Paragraphs 1-35 of its Answer are hereby incorporated by reference as if fully set forth herein.

37. The LCDC admits that 11 U.S.C. § 365(d)(3) is made applicable to this case through PROMESA section 301(a) and that the language quoting 11 U.S.C. § 365(d)(3) is accurate, and respectfully refers the Court to 11 U.S.C. § 365(d)(3) for a complete and accurate description of that statute. Paragraph 37 purports to state a legal conclusion to which no response is required. However, to the extent a response is required, the LCDC denies the allegations in Paragraph 37.

38. The LCDC admits that the language in Paragraph 38 quoting H.R. Rep. No. 100-1011 (1988) is accurate but otherwise denies the allegations in Paragraph 38.

7

39. The LCDC denies the allegations in Paragraph 39.

40. The LCDC denies the allegations in Paragraph 40.

41. The LCDC denies the allegations in Paragraph 41.

42. The LCDC denies the allegations in Paragraph 42.

43. The LCDC denies the allegations in Paragraph 43.

44. The LCDC denies the allegations in Paragraph 44.

## SECOND CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Sections 503(b) and 507(a)(2)**
**(Declaration That PBA Does Not Have Administrative Claim Against**
**Debtors Under Leases and That Any Such Claim is Disallowed)**

45. The LCDC's answers to Paragraphs 1-44 of its Answer are hereby incorporated by reference as if fully set forth herein.

46. The LCDC admits that 11 U.S.C. §§ 503(b)(1) and 507(a)(2) are made applicable to this case by Section 301(a) of PROMESA and that the language quoted from § 503(b)(1) in Paragraph 46 is accurate, and respectfully refers the Court to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) for a complete and accurate description of those statutes.

47. The LCDC denies the allegations in Paragraph 47.

48. The LCDC denies the allegations in Paragraph 48.

## THIRD CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Sections 365(d)(3), 502, and 503(b)**
**(Declaration That Non-Debtor Leases Are Not Subject to Section 365(d)(3) Treatment,**
**Do Not Give Rise to Administrative Claim, and Any Such Claim is Disallowed)**

49. The LCDC's answers to Paragraphs 1-48 of its Answer are hereby incorporated by reference as if fully set forth herein.

50. Paragraph 50 purports to state a legal conclusion to which no response is required. However, to the extent a response is required, the LCDC denies the allegations in Paragraph 50.

51. Paragraph 51 purports to state a legal conclusion to which no response is required. However, to the extent a response is required, the LCDC denies the allegations in Paragraph 51.

52. The LCDC lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. The LCDC denies the allegations in Paragraph 53.

## PRAYER FOR RELIEF

The LCDC denies that Plaintiffs are entitled to any Relief sought in this adversary proceeding or as set forth in the "Prayer for Relief."

## GENERAL DENIAL

Except as otherwise previously admitted in Paragraphs 1-53, the LCDC denies each and every allegation contained in Paragraphs 1-53, including, without limitation, the headings, subheadings, footnotes, and prayers for relief. The LCDC expressly reserves the right to amend and/or supplement its Answer.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear under applicable law, and without limitations as to any and all other affirmative and additional defenses that it has, including those that may subsequently arise in this action, the LCDC asserts the following affirmative defenses to Plaintiffs' claims:

### First Affirmative Defense

The Complaint, and each and every claim and cause of action stated therein, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, unclean hands, and/or other equitable defenses.

**Third Affirmative Defense**

Plaintiffs have an adequate remedy at law, and no basis exists for any equitable relief.

**Fourth Affirmative Defense**

The Official Committee of Unsecured Creditors of all Debtors other than COFINA does not have standing to bring this action.

**Fifth Affirmative Defense**

The doctrine of laches bars claims by the Commonwealth because the Commonwealth unreasonably delayed in claiming that the Leases were not true leases or were otherwise illegitimate.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred because they are contrary to public policy. Any alternative characterization of the Leases would undermine investor confidence, unnecessarily call into question the integrity of the rent-backed securitization model, and seriously jeopardize the ability of the Commonwealth to raise needed capital quickly and inexpensively.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of unjust enrichment. The Commonwealth benefited from the infrastructure built through the financing obtained through the Leases and PBA Bonds and continues to benefit through the use of the rented premises. Plaintiffs would be unjustly enriched if they were permitted to confiscate the pledged rental payments from PBA and the LCDC after having enjoyed those benefits.

**Eighth Affirmative Defense**

This Court does not have subject matter jurisdiction over this matter. The LCDC asserts that this Title III Court does not have jurisdiction to change the characterization of Leases between PBA and entities other than the Title III Debtors.

**Ninth Affirmative Defense**

Plaintiffs' claims are inconsistent with, contrary to, and barred by PROMESA—including, but not limited to, sections 201(b)(1)(M) and (N) and section 407. Specifically, the claims do not respect the lawful priorities or lawful liens in the constitution, other laws, and agreements of Puerto Rico in effect at the time of PROMESA's enactment, and the relief requested amounts to an improper transfer of property from the PBA, an instrumentality of the Commonwealth, to the Commonwealth.

**Tenth Affirmative Defense**

Plaintiffs' claims are contrary to, and barred by, the Contracts Clauses of the United States and Puerto Rico Constitutions, Art. I, Sec. 10 and Art. II, Sec. 7, respectively, which prohibit the Commonwealth from impairing the contracts entered into by PBA.

**RESERVATION OF RIGHTS**

The LCDC currently does not have sufficient knowledge or information upon which to form a belief as to whether it may have additional and yet unstated affirmative defenses available to it. The LCDC, therefore, reserves the right to assert all other defenses that may be pertinent to the Complaint and to assert counterclaims and other claims once the precise nature of the Plaintiffs' claims are ascertained through discovery and investigation.

**WHEREFORE**, The LCDC denies that Plaintiffs are entitled to any relief and respectfully request that the Court:

(a) enter judgment dismissing the Complaint with prejudice;

(b) grant the LCDC costs and expenses, including the reasonable attorneys' fees it incurred in this action; and

(c) grant the LCDC such additional relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

DATED: March 19, 2019

Respectfully submitted,

| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| **By :** */s/ Rafael Escalera*<br>**Rafael Escalera**<br>USDC No. 122609<br>escalera@reichardescalera.com | **Susheel Kirpalani** (*pro hac vice*)<br>susheelkirpalani@quinnemanuel.com |
| | **K. John Shaffer** (*pro hac vice*)<br>johnshaffer@quinnemanuel.com |
| **Sylvia M. Arizmendi**<br>USDC-PR 210714<br>arizmendis@reichardescalera.com | **Daniel Salinas**<br>USDC-PR 224006<br>danielsalinas@quinnemanuel.com |
| **Carlos R. Rivera-Ortiz**<br>USDC-PR 303409<br>riverac@reichardescalera.com | **Matthew Scheck** (*pro hac vice*)<br>matthewscheck@quinnemanuel.com |
| **Gustavo A. Pabón-Rico**<br>USDC-PR 231207<br>pabong@reichardescalera.com | **Eric Kay** (*pro hac vice*)<br>erickay@quinnemanuel.com |
| 255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913 | **Darren M. Goldman** (*pro hac vice*)<br>darrengoldman@quinnemanuel.com |
| | **Zachary Russell** (*pro hac vice*)<br>zacharyrussell@quinnemanuel.com |
| | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603 |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

*/s/Carlos R. Rivera-Ortiz*
USDC-PR 303409
